**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4300-16T4

C.O.M.,[1]

    Plaintiff-Appellant,

v.

J.O.G.-M.,

    Defendant-Respondent.

_____

        Submitted March 13, 2018 — Decided July 30, 2018

        Before Judges Fasciale and Sumners.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Burlington
        County, Docket No. FD-03-0952-17.

        Law office of Thomas J. Hurley, LLC, attorney
        for appellant (Thomas J. Hurley, on the
        brief).

        Hegge & Confusione, LLC, attorneys for
        respondent (Michael Confusione, of counsel and
        on the brief).

PER CURIAM

---

[1]  We use initials to protect the parties' privacy issues.

Plaintiff C.O.M. (Clay)[2] appeals from a Family Court order denying without prejudice his application for visitation with his grandson, T.G. (Tim). We conclude that Clay failed to satisfy his burden of proof under Major v. Maguire, 224 N.J. 1, 6-7 (2016), and, thus, we affirm.

In February 2014, defendant J.O.G.-M. (Janet) separated from her husband, leaving him in Hawaii where he was stationed in the military, and returned to New Jersey with their two-year-old son, Tim, to live with her father Clay and her stepmother. According to Janet, she left her father's house in May 2016, to move in with her mother.[3] In November 2016, she and Tim moved into a condominium. In January 2017, Clay filed a pro se application for grandparent visitation rights with Tim, then five-years-old, because Janet refused to allow him to see Tim. Two months later, after unsuccessful mediation, the court dismissed the action without prejudice.

Undaunted, Clay refiled his application, and later retained counsel. Janet filed a counterclaim seeking attorney fees for filing a frivolous action. Clay then filed a motion seeking

---

[2] We also use pseudonyms because the parties have the same surname and for ease of reference.

[3] Although Clay certified that Janet moved out of his house in November 2016, this factual dispute has no bearing on our analysis.

A-4300-16T4

grandparenting time involving weekend visitation; regularly scheduled video communication; vacation time; overnight birthday visitation; and advance notification of school or extracurricular events to enable him to attend. In support of his motion, Clay submitted a certification detailing the close relationship he had developed with Tim during the period that Janet and Tim resided with him. When the motion was heard, Clay's testimony echoed his certification about how he assisted Janet on a daily basis in caring for Tim while she was attending nursing school. The court denied Clay's application for grandparenting time and Janet's request for attorney's fees.

Before us, Clay argues the court failed to address the statutory factors set forth in N.J.S.A. 9:2-7.1 and failed to follow Major v. Maguire, 224 N.J. 1, 6-7 (2016).[4] He also contends the court should have allowed discovery before dismissing his application.

"The scope of appellate review of a trial court's fact-finding function is limited. The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394,

---

[4] Incorrectly cited as Major v. Maguire, 218 N.J. 530 (2014), the Supreme Court's decision granting petition for certification for its subsequent decision in Major v. Maguire, 224 N.J. 1, 7 (2016).

411-12 (1998). Moreover, "[b]ecause of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Id. at 413. An appellate court should intervene only when convinced that the trial court's factual findings and legal conclusions "are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 412 (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). Furthermore, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference," and this court review questions of law de novo. Manalapan Realty, LP v. Twp. Comm., 140 N.J. 366, 378 (1995) (citations omitted).

Turning to the legal issues raised by Clay, we review the principles set forth in Moriarty v. Bradt, 177 N.J. 84 (2003), and recently reaffirmed by the Supreme Court in Major v. Maguire, 224 N.J. 1, 7 (2016). Parental autonomy in decisions regarding the "care, custody and control of their children" is a fundamental right that will only yield to a compelling state interest. Moriarty, 177 N.J. at 103 (citation omitted). Pursuant to the Grandparent Visitation Statute, N.J.S.A. 9:2-7.1, the grandparent seeking visitation over the objection of a fit parent must prove

by a preponderance of the evidence "that visitation is necessary to avoid harm to the child." Moriarty, 177 N.J. at 117. The probability that a child will suffer serious psychological or physical harm provides grounds for interference with parental autonomy under the doctrine of parens patriae. Id. at 112-13. The Court provided the following examples of supporting evidence:

> The grandparents' evidence can be expert or factual. For example, they may rely on the death of a parent or the breakup of the child's home through divorce or separation. . . . In addition, the termination of a long-standing relationship between the grandparents and the child, with expert testimony assessing the effect of those circumstances, could form the basis for a finding of harm.
>
> [Id. at 117.]

If a grandparent meets that burden, the presumption in favor of parental decision-making is overcome and the best interest standard applies. Ibid. N.J.S.A. 9:2-7.1(b) lists the relevant factors to be considered:

> (1) The relationship between the child and the applicant;
>
> (2) The relationship between each of the child's parents or the person with whom the child is residing and the applicant;
>
> (3) The time which has elapsed since the child last had contact with the applicant;
>
> (4) The effect that such visitation will have on the relationship between the child and the

child's parents or the person with whom the child is residing;

(5) If the parents are divorced or separated, the time sharing arrangement which exists between the parents with regard to the child;

(6) The good faith of the applicant in filing the application;

(7) Any history of physical, emotional or sexual abuse or neglect by the applicant; and

(8) Any other factor relevant to the best interests of the child.

In addition, N.J.S.A. 9:2-7.1(c) provides: "With regard to any application made pursuant to this section, it shall be prima facie evidence that visitation is in the child's best interest if the applicant had, in the past, been a full-time caretaker for the child."

In its oral decision, the court found there was nothing in Clay's certification nor his testimony indicating that Janet was not a fit parent and that he had a psychological bond with Tim that would be harmed unless there is grandparenting time. The court pointed out that even though Clay and Tim have "shared some time together," this alone does not establish Clay's right to court ordered grandparent visitation over Janet's autonomy as Tim's mother. We conclude that the record supports this factual finding. While the record speaks to Clay forming a sound and loving relationship with Tim, Clay fails to present the necessary

evidence that his grandson will suffer serious psychological or physical harm due to Janet's decision not to allow visitation. Only upon showing that such harm will occur, is there an analysis of the best interest standard under N.J.S.A. 9:2-7.1.

Lastly, we find no merit to Clay's contention that the court's denial was premature because discovery should have been allowed. First, he initiated the court's ruling by making the motion to obtain grandparenting time based upon the assertion that he could prevail on his certification and testimony — thereby suggesting that discovery was unnecessary. Second, and equally important, since the court's order was without prejudice, Clay is not foreclosed from seeking visitation in the future, and can seek discovery at that time if he believes that it is needed.[5]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Since the issue was not presented to the court, we have no opinion as to the scope of any discovery that may take place.

A-4300-16T4